ROBERT T. EGLET, ESQ.
Nevada Bar No. 3402
TRACY A. EGLET, ESQ.
Nevada Bar No. 6419
DANIELLE C. MILLER, ESQ.
Nevada Bar No. 9127
**EGLET ADAMS**
400 S. Seventh St., Suite 400
Las Vegas, NV  89101
(702) 450-5400; Fax: (702) 450-5451
eservice@egletlaw.com
          -and-
MATTHEW L. SHARP, ESQ.
Nevada Bar No. 4746
**MATTHEW L. SHARP, LTD.**
432 Ridge Street
Reno, NV 89501
(775) 324-1500; Fax: (775) 284-0675
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| CAMILLE FAGAN, individually and on behalf of all those similarly situated,<br><br>                    Plaintiff,<br>vs.<br><br>LIBERTY MUTUAL GROUP, INC., LM GENERAL INSURANCE, LM INSURANCE CORPORATION, LM PROPERTY & CASUALTY INSURANCE COMPANY, and DOES 1 through 10,<br><br>                    Defendants. | Case No.: 2:21-cv-00616- RFB-BNW<br><br>**STIPULATION AND ORDER EXTENDING DEADLINE FOR PLAINTIFF TO FILE AMENDED COMPLAINT** |

Plaintiff CAMILLE FAGAN, by and through her counsel of record, Robert T. Eglet, Esq., Tracy A. Eglet, Esq., and Danielle C. Miller, Esq. of the law firm EGLET ADAMS and Matthew L. Sharp, Esq. of the law firm MATTHEW L. SHARP, LTD., and Defendants LIBERTY MUTUAL GROUP, INC., LM GENERAL INSURANCE, LM INSURANCE CORPORATION, and LM PROPERTY & CASUALTY INSURANCE COMPANY (collectively, "Liberty Mutual"), by and through their counsel of record, Riley A. Clayton, Esq. of the law firm HALL

JAFFE & CLAYTON, LLP, for good cause shown, hereby stipulate and agree as follows:

1. Plaintiff filed her Complaint in the Eighth Judicial District Court for Clark County, Nevada, Case No. A-21-829903-C. Liberty Mutual removed this action to this Court on April 14, 2021.

2. Liberty Mutual filed their Motion to Dismiss on May 21, 2021 [ECF No. 18].

3. Plaintiff filed her Response to Liberty Mutual's Motion on June 21, 2021 [ECF No. 20].

4. Liberty Mutual filed a Reply in support of the Motion on July 19, 2021 [ECF No. 21].

5. That on February 9, 2021, the Honorable Richard F. Boulware, II heard Liberty Mutual's Motion to Dismiss and dismissed with prejudice all claims except the breach of implied covenant of good faith and fair dealing claim, tortious bad faith claim, and the Deceptive Trade Practices Act claim, which were dismissed without prejudice. The Court granted Plaintiff leave to file an Amended Complaint with respect to Plaintiff's claims that were dismissed without prejudice on or before Friday, March 11, 2022 [ECF No. 33].

6. Because the claims that were dismissed without prejudice must be pled with particularity, Plaintiff contends that she needs additional time to review Plaintiff's e-mail correspondence, records, and bank statements going back at least two (2) years, to the beginning of the COVID-19 pandemic. Given how much time has passed and given the burden of pleading Plaintiff's claims with particularity, Plaintiff's position is that she needs additional time to thoroughly review her records to obtain this information. Plaintiff also represents that she will have to request some of this information from third parties, which may take additional time.

7. Thus, the Parties hereby stipulate that Plaintiff shall have an additional sixty (60) days to file an Amended Complaint.

8. That Plaintiff's Amended Complaint shall be due on or before May 11, 2022.

9. Liberty Mutual shall have sixty (60) days to file a response to Plaintiff's Amended Complaint. Thus, if Plaintiff files her Amended Complaint on May 11, 2022, Liberty Mutual may answer, move, or otherwise respond to the Amended Complaint within sixty (60) days, i.e.

by July 11, 2022. This will allow Liberty Mutual to consider Plaintiff's new allegations and to consider any other rulings from the Court in similarly pending matters.

10. The Parties agree that discovery remains stayed pending Plaintiff's filing of an Amended Complaint and resolution of Defendant's anticipated Motion to Dismiss Plaintiff's Amended Complaint.

11. In this District, requests to stay discovery may be granted when: (1) the pending motion is potentially dispositive; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the Court has taken a "preliminary peek" at the merits of the potentially dispositive motion. *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 602 (D. Nev. 2011). In doing so, the court must consider whether the pending motion is potentially dispositive of the entire case, and whether that motion can be decided without additional discovery. *See Federal Housing Finance Agency v. GR Investments LLC*, Case No. 2:17-cv-03005-JAD-EJY, 2020 WL 2798011 at *3 (D. Nev. May 29, 2020) (granting motion to stay discovery pending resolution of potentially dispositive motion for summary judgment); *see also Mintun v. Experian Information Solutions, Inc.*, 2:19-cv-00033-JAD-NJK, 2019 WL 2130134 at **1-2 (D. Nev. May 15, 2019) (granting motion to stay discovery pending resolution of potentially dispositive motion to dismiss).

12. The Parties agree that Liberty Mutual's anticipated Motion to Dismiss the forthcoming Amended Complaint, like the first motion, is expected to raise potentially dispositive legal and jurisdictional defenses to Plaintiff's claims concerning Liberty Mutual's auto insurance rates during the COVID pandemic.

13. Pending resolution of Liberty Mutual's anticipated Motion to Dismiss the forthcoming Amended Complaint, the Parties agree and stipulate to a stay of discovery including, but not limited to, any discovery obligations set forth in Fed. R. Civ. P. 26 and LR 26-1.

14. If the Court denies Liberty Mutual's anticipated Motion to Dismiss the forthcoming Amended Complaint, in whole or in part, the Parties agree to submit a Discovery Plan and Scheduling Order within forty-five (45) days after entry of the Court's Order on the Motion. If the Court grants Liberty Mutual's anticipated Motion to Dismiss with leave to amend

1  (though Liberty Mutual contends that no further leave would be appropriate), the Parties agree
2  that discovery should remained stayed pending resolution to any challenge to any subsequent
3  amended pleading.

4      15.    The Parties respectfully suggest that good cause exists to enter the stipulated stay
5  of discovery to preserve judicial and party resources and based on application of the factors set
6  forth in paragraph 11, above.

7      16.    The Parties represent that this stipulation is sought in good faith, is not interposed
8  for delay, and is not filed for an improper purpose.

DATED this 10th day of March, 2022.

**EGLET ADAMS**

*/s/ Robert T. Eglet, Esq.*
ROBERT T. EGLET, ESQ.
Nevada Bar No. 3402
DANIELLE C. MILLER, ESQ.
Nevada Bar No. 9127
TRACY A. EGLET, ESQ.
Nevada Bar No. 6419
400 S. Seventh St., Suite 400
Las Vegas, NV 89101
   -and-
MATTHEW L. SHARP, ESQ.
Nevada Bar No. 4746
MATTHEW L. SHARP, LTD.
432 Ridge Street
Reno, NV 89501
*Attorneys for Plaintiff*

DATED this 10th day of March, 2022.

**HALL JAFFE & CLAYTON, LLP**

*/s/ Riley A. Clayton, Esq.*
RILEY A. CLAYTON, ESQ.
Nevada Bar No. 005260
7425 Peak Dr.
Las Vegas, NV 89128
   -and-
MICHAEL K FARRELL, ESQ.
(admitted pro hac vice)
BAKER & HOSTETLER, LLP
127 Public Square, Suite 2000
Cleveland, OH 44114
   -and-
TIFFANY L. POWERS, ESQ.
(admitted pro hac vice)
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, GA 30309
*Attorneys for Defendants*

## **ORDER**

Based upon the Parties' stipulation and GOOD CAUSE APPEARING THEREFOR, IT IS SO ORDERED:

1. Plaintiff may file her Amended Complaint on or before May 11, 2022.
2. Defendants may answer, move or otherwise plead in response to the Amended Complaint within sixty    days of its filing, i.e., by July 11, 2022.

4

3. Discovery in this matter remains stayed pending resolution of the pleadings challenges.

**IT IS SO ORDERED.**

_____
UNITED STATES MAGISTRATE JUDGE

DATED: __March 11, 2022_____

5